IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Philip E. NORTH,
Attorney at Law.

Supreme Court

*No. 88-0021-D. Filed February 10, 1989.*

(Also reported in 434 N.W.2d 614.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

Based on a stipulation between Attorney Philip E. North and the Board of Attorneys Professional Responsibility and evidence presented at a disciplinary hearing, the referee concluded that Attorney North engaged in professional misconduct by neglecting numerous probate matters for which he had been retained, failing to refund unearned portions of fees he had accepted for

his services in those matters, failing to accurately account to the personal representative in one of those matters for his handling of estate assets, withdrawing funds from his trust account as fees before he had earned a right to them and failing to maintain proper records of his trust account dealings. As discipline for that misconduct, the referee recommended that the license of Attorney North to practice law in Wisconsin be suspended for a period of one year.

While we adopt the referee's findings of fact and conclusions concerning Attorney North's misconduct, it is our determination that the appropriate sanction to be imposed for it is a nine-month suspension of Attorney North's license to practice law, not the one-year suspension recommended by the referee. That determination is based on our assessment of the seriousness of the misconduct, both in terms of Attorney North's violations of his professional duties to his clients and in terms of the harm those violations caused. Further, we have considered findings made by the referee relating to the element of intent and mitigating factors considered by the referee, as they affect the discipline needed to protect the public and the legal system from Attorney North's further misconduct and to foster his rehabilitation.

Attorney North was admitted to practice law in Wisconsin in 1974 and, until 1987, practiced in Vilas and LaCrosse counties. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Janet Jenkins.

The misconduct in which Attorney North was found to have engaged occurred in his handling of 13 probate matters between 1981 and 1984. It consisted of the following:

(a) failure to perform necessary work, timely file tax returns and close estates;

(b) failure to obtain an order of discharge of ancillary administration needed to terminate probate proceedings in another jurisdiction;

(c) failure to establish a joint tenancy for a client's assets to avoid the necessity of probate, as he had agreed to do;

(d) failure to prepare a correction deed to replace a deed he had recorded containing an error clouding title on property sold by an estate he represented, despite his agreement to do so, and failure to inform the personal representative or the heirs of the error;

(e) failure to commence a formal probate proceeding, after the probate court had rejected his attempt to commence an informal ancillary proceeding, and failure to have a personal representative appointed, although he led a person to believe he had been appointed and had that person sign legal documents purportedly in the capacity of personal representative;

(f) failure to provide an accounting of assets in an estate to an attorney representing the decedent's husband, despite numerous requests to do so;

(g) failure to refund portions of fees he collected but had not earned in four estates because of his failure to perform necessary work;

(h) withdrawal from an estate's assets held in trust of $4,350 as fees, despite having told the personal representative that his fees would be approximately $3,500;

(i) failure to notify an estate's personal representative of the disbursements from estate assets for his fees in that estate;

(j) disbursements of funds from his trust account exceeding the amount of funds in that account belonging to the payees;

47

 (k) providing an inaccurate accounting to the attorney of the decedent's husband in one of the estates, showing that he had received $3,500 in fees, when in fact he had withdrawn more than $4,350 from estate assets held in trust as his fees in the matter, and showing a balance of assets belonging to the estate exceeding the actual balance by almost $1,200;

 (l) failure to maintain records to identify ownership of money on deposit in his trust account generally or to show balances remaining for each client;

 (m) failure to retain client funds in the trust account.

The referee concluded that Attorney North neglected probate matters, in violation of SCR 20.32(3)(1986); failed to refund that portion of fees paid to him in advance but which he failed to earn in three of the estates, in violation of SCR 20.16(1)(c)(1986); failed to account for funds held in trust in one of the estates, in violation of SCR 20.50(2)(c)(1986); paid himself from his trust account fees in excess of the fee he had communicated to his client, without the knowledge or consent of the client, in violation of SCR 20.50(1)(b)(1986); and failed to maintain complete and accurate records of client funds deposited into his trust account, in violation of SCR 11.05(2).

The referee noted, apparently but not explicitly as mitigating factors, that during the time that misconduct occurred, Attorney North's law practice had suffered severe financial difficulties, causing him "substantial anxiety" over his ability to financially provide for his family. The referee considered that anxiety to

have interfered with Attorney North's ability to perform his professional responsibilities. The referee further observed that there was no evidence that Attorney North intentionally overcharged his clients for work he never intended to complete; rather, the fees he received would have been fair and reasonable had he completed the necessary work. Likewise, the referee noted that there was no evidence Attorney North had embezzled or otherwise improperly converted any trust account funds for his own use; rather, the evidence showed him to have been "sloppy" in his trust accounting practices.

The referee also considered in mitigation of the severity of the discipline to be imposed for the misconduct the facts that Attorney North fully cooperated with the Board in this proceeding and that, beginning in the summer of 1984, Attorney North served as assistant corporation counsel and engaged in the general practice of law in LaCrosse county, where he enjoyed a "high reputation for integrity, honesty, trustworthiness and professionalism."

We accept the referee's determination that Attorney North's misconduct was largely negligent, rather than intentional, was limited to a time when he was suffering financial hardship, together with attendant personal and family stress, and was attributable to external factors rather than overall character or professional shortcomings. We also agree with the referee that Attorney North's professional conduct subsequent to the misconduct gives cause to believe he will not engage in similar misconduct in the future.

Notwithstanding these mitigating factors, Attorney North's misconduct was serious. Not only did he fail to perform necessary work for which he had been retained,

thereby causing inconvenience and unnecessary delay to his clients, but he also dealt carelessly with funds and property belonging to clients. The mitigating factors do, however, attenuate the disciplinary response to the severity of that misconduct. Under all of the circumstances here present, we determine that appropriate discipline is the suspension of Attorney North's license to practice law for a period of nine months.

IT IS ORDERED that the license of Philip E. North to practice law in Wisconsin is suspended for a period of nine months, commencing March 13, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Philip E. North pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Philip E. North to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Philip E. North comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

BABLITCH, J., took no part.